UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LORDEZ LEWIS                                           CIVIL ACTION

VERSUS                                                 NO. 13-4864

TERREBONNE GENERAL                                     MAGISTRATE JUDGE
MEDICAL CENTER                                         JOSEPH C. WILKINSON, JR.

# ORDER AND REASONS ON MOTIONS

In this employment discrimination action, plaintiff, Lordez Lewis, alleges that her former employer, Terrebonne General Medical Center ("Terrebonne"), discriminated against her based on her race during her employment and retaliated against her for engaging in protected activity by terminating her employment, in violation of Title VII. 42 § U.S.C. 2000e et seq. Complaint, Record Doc. No. 1. This matter was referred to a United States Magistrate Judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon written consent of all parties. Record Doc. No. 9.

Terrebonne filed a motion for summary judgment that is supported by numerous exhibits, including documents from the record of the United States Bankruptcy Court for the Eastern District of Louisiana. Record Doc. No. 21. Terrebonne argues that judicial estoppel bars Lewis from bringing her claims in this court. Alternatively, defendant contends that Lewis has no evidence sufficient to create any material, disputed fact issues regarding her claims. Defendant received leave to file an additional exhibit in support of its motion. Record Doc. Nos. 25, 26.

Lewis filed a timely memorandum in opposition that includes numerous exhibits, Record Doc. No. 30, several of which are filed under seal. Record Doc. Nos. 31, 33, 38. Terrebonne received leave to file a reply memorandum. Record Doc. Nos. 27, 34.

Defendant filed a motion to strike unsworn statements and exhibit. Record Doc. No. 37. Plaintiff filed a timely opposition memorandum. Record Doc. No. 39.

Having considered the complaint, the record, the submissions of the parties and the applicable law, and for the following reasons, IT IS ORDERED that defendant's motion to strike unsworn statements and exhibit is DENIED. IT IS FURTHER ORDERED that defendant's motion for summary judgment is GRANTED.

I. MOTION TO STRIKE UNSWORN STATEMENTS AND EXHIBIT

Defendant's motion to strike unsworn statements and exhibit, Record Doc. No. 37, challenges the admissibility of three of plaintiff's exhibits: the statements of Gerica Smith and Clarissa Lawson and a document that Lewis identifies as a "WOW award." Terrebonne argues that the Smith and Lawson statements are inadmissible because they are neither sworn affidavits nor declarations under penalty of perjury, and that the WOW award is inadmissible because it is not authenticated.

In its reply memorandum in support of its summary judgment motion, Terrebonne made the same objections to Smith's and Lawson's statements as it makes in its motion to strike the exhibits. A motion to strike evidence is generally unnecessary under Fed. R. Civ. P. 56(c)(2). Instead, the party opposing the admissibility of particular evidence

2

need only object to it, as Terrebonne did in its reply memorandum. Advisory Committee Notes to 2010 Amendments, <u>Federal Civil Judicial Procedure and Rules</u> 255 (West pamph. 2014 ed.).

Instead of striking these three exhibits from the record, I will determine whether they comply with the requirements of Rule 56(c) and then consider them or not, as appropriate, and address specific shortcomings in each exhibit when necessary in connection with my summary judgment ruling. Accordingly, the motion is denied.

II. <u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>

    A. <u>Standards of Review</u>

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56, as revised effective December 1, 2010, establishes new procedures for supporting factual positions:

> (1) A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>     (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

>     (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c).

Thus, the moving party bears the initial burden of identifying those materials in the record that it believes demonstrate the absence of a genuinely disputed material fact, but it is not required to negate elements of the nonmoving party's case. Capitol Indem. Corp. v. United States, 452 F.3d 428, 430 (5th Cir. 2006) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "[A] party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to [a particular material] fact." Advisory Committee Notes, at 261.

A fact is "material" if its resolution in favor of one party might affect the outcome of the action under governing law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). No genuine dispute of material fact exists if a rational trier of fact could not find

for the nonmoving party based on the evidence presented. Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd., 40 F.3d 698, 712 (5th Cir. 1994).

To withstand a properly supported motion, the nonmoving party who bears the burden of proof at trial must cite to particular evidence in the record to support the essential elements of its claim. Id. (citing Celotex, 477 U.S. at 321-23); accord U.S. ex rel. Patton v. Shaw Servs., L.L.C., 418 F. App'x 366, 371 (5th Cir. 2011). "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." Celotex, 477 U.S. at 323; accord U.S. ex rel. Patton, 418 F. App'x at 371.

"Factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." Edwards v. Your Credit, Inc., 148 F.3d 427, 432 (5th Cir. 1998); accord Murray v. Earle, 405 F.3d 278, 284 (5th Cir. 2005). "We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Badon v. R J R Nabisco Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quotation omitted) (emphasis in original). "Conclusory allegations unsupported by specific facts . . . will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations . . . to get to a jury without any "significant probative evidence tending to support the complaint."'" Nat'l Ass'n of Gov't Employees, 40 F.3d at 713 (quoting Anderson, 477 U.S. at 249).

5

"Moreover, the nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation omitted) (emphasis in original); accord Duron v. Albertson's LLC, 560 F.3d 288, 291 (5th Cir. 2009).

B. The Undisputed Material Facts

Because the court grants defendant's motion for summary judgment on the basis of judicial estoppel, only the following facts material to that argument are accepted as undisputed, solely for purposes of the pending motion.

Lewis was employed as a scrub technician in Terrebonne's surgery department from June 9, 2008 until her termination on November 7, 2012. In addition to regular wages, Terrebonne pays "specialty pay" to certified scrub technicians who work on higher risk, complicated surgical procedures, which are called "major specialty cases." Defendant had a written policy defining the criteria that a scrub technician must meet to qualify for specialty pay. Defendant's Exhs. 2 and 3 to Defendant's Exh. G, declaration under penalty of perjury of Teresita McNabb, Vice President of Nursing. Lewis passed the required certification examination in November 2011 and applied for specialty pay in January 2012. Her supervisor denied her request, based on the stated reason that

6

plaintiff was not proficient in two major specialties, as required by the policy. Lewis disputes this determination and contends that she was proficient in two major specialties.

Lewis filed a grievance regarding the denial of specialty pay in June 2012. After her grievance was denied, she filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") on August 12, 2012, alleging that Terrebonne had denied her specialty pay because of her race (African-American). She also complained that defendant had treated a white co-worker who had "bad conduct issues" better than it had treated plaintiff. Defendant's Exh. A, EEOC Charge No. 461-2012-01176.

On September 18, 2012, Lewis filed a Voluntary Petition and Chapter 13 Plan in the Bankruptcy Court. Defendant's Exh. C, docket sheet, and Exh. C-1, Voluntary Petition in Bankruptcy No. 12-12763, Lordez M. Lewis, Debtor. Under penalty of perjury, she stated "none" in response to the requirement on her Statement of Financial Affairs that she list "all suits and administrative proceedings in which the debtor had been a party within one year immediately preceding filing the petition." Defendant's Exh. C-1, Statement of Financial Affairs, at ¶ 4. On October 25, 2012, Lewis filed an amended Schedule of Personal Property with the Bankruptcy Court, stating that she had no contingent and unliquidated claims of any nature. Defendant's Exh. C-2.

On October 31, 2012, Terrebonne placed Lewis on administrative leave pending investigation of allegations of misconduct. One week later, defendant terminated plaintiff's employment for the stated reason of "a trend of insubordinate and disrespectful

7

conduct toward management which is detrimental to the operation of the Surgical Department." Termination Notice, Exh. 5 to Defendant's Exh. H, declaration under penalty of perjury of Diane Yeates, Chief Operating Officer. Lewis disputes that this was the true reason for her termination and alleges that it was in retaliation for her prior complaints of race discrimination.

On November 6, 2012, Lewis filed an Amended Chapter 13 Plan with the bankruptcy court. Defendant's Exh. C-3. The bankruptcy court confirmed the plan on November 19, 2012. The court's order stated that all "proceeds from lawsuits or settlements . . . payable to the debtor(s) shall be turned over to the Trustee for administration" and that "[t]he debtor(s) shall provide to the Trustee, at least once every six months until the case is closed, a report on the status of any <u>pending or potential lawsuit</u> in which the debtor(s) <u>is or may be a plaintiff</u>." Defendant's Exh. C-4, Order Confirming Chapter 13 Plan, at ¶¶ 2, 3 (emphasis added). Lewis <u>never</u> disclosed her pending race discrimination claim against Terrebonne in her Voluntary Petition, original Chapter 13 Plan or Amended Chapter 13 Plan.

On December 13, 2012, Lewis filed a second EEOC charge, alleging that Terrebonne had terminated her employment in retaliation for prior complaints of racial discrimination. Defendant's Exh. B, EEOC Charge No. 461-2013-00221. The EEOC issued a right-to-sue letter to Lewis regarding her first charge of discrimination on March 21, 2013. Defendant's Exh. A. The EEOC issued a second right-to-sue letter regarding

8

her charge of retaliation on June 12, 2013. Defendant's Exh. B. Plaintiff filed the instant lawsuit on June 20, 2013.

On August 30, 2013, Lewis filed a Modified Chapter 13 Plan with the bankruptcy court. Defendant's Exh. C-5. As of April 15, 2014, when defendant filed its summary judgment motion, Lewis had not amended her bankruptcy schedules to include her discrimination or retaliation claims or her lawsuit against Terrebonne.

The court takes judicial notice, Fed. R. Evid. 201, that Lewis filed an Amended Statement of Financial Affairs in her bankruptcy proceedings on July 31, 2014, two days after Terrebonne filed its reply memorandum in support of its summary judgment motion in this court. Her Amended Statement disclosed to the bankruptcy court for the first time the pendency of the instant civil action, which she described as an "EEOC Civil Discrimination" lawsuit. Bkrcy. No. 12-12763, Record Doc. No. 81 at p. 2, ¶ 4.

C. Judicial Estoppel Bars Plaintiff's Claims

Terrebonne argues, and I find, that Lewis is judicially estopped from bringing her discrimination and retaliation claims in a civil action. On facts indistinguishable from the instant case, the Fifth Circuit held that a plaintiff who filed EEOC charges, then filed a Chapter 13 bankruptcy petition and subsequently filed suit based on the EEOC charges, but who failed to disclose the charges and the lawsuit to the bankruptcy court until after the defendant in the civil action moved for summary judgment, is judicially estopped from asserting those claims. Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 600 (5th

9

Cir. 2005); see also Love v. Tyson Foods, Inc., 677 F.3d 258, 261-62 (5th Cir. 2012) (applying same rules of judicial estoppel when plaintiff filed for Chapter 13 bankruptcy, then filed EEOC charges and a subsequent civil rights lawsuit, which he did not disclose to the bankruptcy court, while his confirmed Chapter 13 plan remained in place, under which his unsecured creditors received no payment).

Judicial estoppel bars Lewis from bringing her race discrimination and retaliation claims against Terrebonne because she failed to disclose the claims to the bankruptcy court until July 31, 2014, 22 months after she filed her bankruptcy petition, 13 months after she filed this lawsuit and three months after Terrebonne filed its summary judgment motion. The Fifth Circuit has previously rejected the same arguments that Lewis makes that estoppel does not apply because she had no lawsuit pending when she filed her bankruptcy petition or when her plan was confirmed, and because she knows that any settlement or judgment she receives would be the property of the bankruptcy estate. She also contends, without citation to any legal authority, that defendant's arguments lack merit because she filed a Chapter 13 petition, not a Chapter 7 petition for discharge of her debts. The Fifth Circuit's decisions make no such distinction between the types of bankruptcy proceeding to which judicial estoppel applies.

> As a condition of her Chapter 13 bankruptcy petition, Lewis was
> 
> required to report, under penalty of perjury, the existence of any pending litigation or potential lawsuits. This information is specifically required on the debtors' schedules and statement of affairs. The filings' general

purpose is to permit the court, the trustee, and the creditors to evaluate the debtors' financial condition at the date of bankruptcy and ascertain what assets may be available for distribution to creditors. The debtors are also obliged to update their schedules as necessary to assure full disclosure.

In re Superior Crewboats, Inc., 374 F.3d 330, 333 (5th Cir. 2004) (emphasis added).

"[T]he Bankruptcy Code and Rules impose upon bankruptcy debtors an **express, affirmative duty to disclose all assets, including contingent and unliquidated claims**." Browning Mfg. v. Mims (In re Coastal Plains, Inc.), 179 F.3d 197, 207-08 (5th Cir. 1999) (emphasis omitted) (citing 11 U.S.C. § 521(1)). "**The obligation to disclose pending and unliquidated claims in bankruptcy proceedings is an ongoing one**." Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 600 (5th Cir. 2005) (citation omitted). **The disclosure requirement pertains to potential causes of action as well**. See In re Coastal Plains, Inc., 179 F.3d at 208. . . .

. . . .

The doctrine of judicial estoppel is equitable in nature and can be invoked by a court to prevent a party from asserting a position in a legal proceeding that is inconsistent with a position taken in a previous proceeding. See Reed v. City of Arlington, 650 F.3d 571, 573-74 (5th Cir. 2011) (en banc). The aim of the doctrine is to "protect the integrity of the judicial process." New Hampshire v. Maine, 532 U.S. 742, 749-50 . . . (2001) (citation and internal quotation marks omitted). "Because the doctrine [of judicial estoppel] is intended to protect the judicial system, rather than the litigants, detrimental reliance by the opponent of the party against whom the doctrine is applied is not necessary." In re Coastal Plains, Inc., 179 F.3d at 205 (citation omitted). Moreover, "'the integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets.'" Id. at 208 (emphasis omitted) (quoting Rosenshein v. Kleban, 918 F. Supp. 98, 104 (S.D.N.Y. 1996)).

In determining whether to apply judicial estoppel, we primarily look for the presence of the following criteria: "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." Reed, 650 F.3d at 574 (citations omitted). However, judicial estoppel is not governed by "inflexible prerequisites or an exhaustive formula for determining [its] applicability," and numerous considerations "may inform the doctrine's

11

> application in specific factual contexts." New Hampshire, 532 U.S. at 751
> . . . . This court has noted that "**[j]udicial estoppel is particularly appropriate where . . . a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset**." Jethroe, 412 F.3d at 600.

Love, 677 F.3d at 261-62 (underlined emphasis in original) (bold emphasis added);

accord In re Jackson, No. 13-20504, 2014 WL 2800812, at *2 (5th Cir. June 20, 2014).

> Therefore, it is well established that
>
> [a] plaintiff is judicially estopped from pursuing an EEOC charge filed while his bankruptcy petition was pending and where he did not fulfill his duty to amend the petition to include that claim. See Kamont v. West, 83 Fed. Appx. 1, 3 (5th Cir. 2003) (unpublished). The logic of Kamont is sound: Jethroe was under a <u>duty both to disclose the existence of her pending EEOC complaint when she filed her petition and to disclose her potential legal claims throughout the pendency of that petition</u>. See Browning, 179 F.3d at 208. Accordingly, she was estopped from raising the claims in the district court.

Jethroe, 412 F.3d at 600 (emphasis added).

The facts of Jethroe are indistinguishable from the instant case. In Jethroe, the Fifth Circuit affirmed summary judgment for defendant based on the evidence of plaintiff's discrimination charges filed with the EEOC and the record of her Chapter 13 bankruptcy. The first element of judicial estoppel, whether plaintiff asserts a legal position that is plainly inconsistent with a prior position, was satisfied because Jethroe, like Lewis, had filed her EEOC charge "before she filed her bankruptcy petition. She concealed this charge and the legalities associated with it, even though she had made various appearances before the bankruptcy court. She filed this lawsuit while her

bankruptcy case remained open." Id. Here, Lewis's omission of her discrimination and retaliation claims from her "mandatory bankruptcy filings is tantamount to a representation that no such claim existed. Now, however, [Lewis] contend[s] . . . that the . . . claim[s are] viable and [worth a considerable amount in damages[1]]. Such blatant inconsistency readily satisfies the first prong of the judicial estoppel inquiry." In re Superior Crewboats, 374 F.3d at 335 (citation omitted); accord In re Jackson, 2014 WL 2800812, at *2; In re Flugence, 738 F.3d 126, 130 (5th Cir. 2013).

"The second element of the judicial estoppel test, acceptance by the bankruptcy court, is also satisfied. That court certainly confirmed Jethroe's plan at least in part based on its assessment of her assets and liabilities." Jethroe, 412 F.3d at 600 (citing Browning, 179 F.3d at 210). The bankruptcy court in Lewis's case similarly confirmed her original and amended plans based at least in part on her sworn statements that she had not been a party to any administrative proceedings within one year before filing the petition and that she had no contingent and unliquidated claims of any nature.

Lewis's argument rests primarily on the third prong of judicial estoppel, whether she inadvertently failed to disclose her EEOC charges and this lawsuit to the bankruptcy court. "Whether a debtor's failure to disclose claims was inadvertent presents a question of fact." Love, 677 F.3d at 262 (citation omitted). "To establish that her failure to

---

[1]Lewis seeks "lost wages, benefits, compensatory and punitive damages, reasonable attorney's fees, court costs and any and all damages to which he [sic] may be entitled." Complaint, Record Doc. No. 1 at p. 4.

13

disclose was inadvertent, [plaintiff] may prove either that she did not know of the inconsistent position or that she had no motive to conceal it from the court." Jethroe, 412 F.3d at 600-01 (citation omitted) (emphasis added). Lewis has produced no evidence to create a material fact issue in dispute as to either of these possibilities.

To prove that she did not know of the inconsistent position, Lewis "must show not that she was unaware that she had a duty to disclose her claims but that, at the time she filed her bankruptcy petition, she was unaware of the facts giving rise to them." Id. at 601 (emphasis added); accord In re Flugence, 738 F.3d at 130-31; Love, 677 F.3d at 262. "[A] lack of awareness of a statutory disclosure duty for [ ] legal claims is not relevant." In re Flugence, 738 F.3d at 130-31 (quotation and citation omitted). "The debtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information . . . prior to confirmation to suggest that it may have a possible cause of action, then that is a 'known' cause of action such that it must be disclosed." In re Coastal Plains, Inc., 179 F.3d at 208 (quotations and citations omitted). When Lewis admittedly knew the facts concerning her EEOC claims and her lawsuit, she cannot show that she did not know of the inconsistent position.

Thus, the dispositive issue is whether Lewis has produced evidence to show that she had no motive to conceal her claims from the bankruptcy court.

> Another circuit has considered the "motivation" requirement in light of EEOC claims not disclosed during bankruptcy proceedings. In Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282 (11th Cir. 2002), the court inferred

14

intentionality where the debtor had "filed and pursued his employment discrimination claims during the pendency of his chapter 13 case but never amended his financial statement to include the lawsuit" and then subsequently converted to a chapter 7 filing, also without disclosing the claim. This reasoning is sound.

Moreover, <u>Browning</u>, 179 F.3d at 210, requires that there be "no" motive for concealment. As the district court noted, Jethroe had an incentive to conceal her claims from creditors. Although her bankruptcy confirmation plan required her to pay approximately $9,000 of her $9,300 in secured debt, it did not require her to pay any of her unsecured debt of $8,373.

<u>Jethroe</u>, 412 F.3d at 601.

The question is not whether defendant has produced evidence that Lewis <u>intended</u> to conceal her claims, but whether the evidence shows that she was <u>motivated</u> to do so. As this court held in the Vioxx Products Liability Litigation, under Fifth Circuit precedent, a plaintiff's "arguments relating to [her] <u>actual state of mind</u> when she omitted her Vioxx claim from her bankruptcy petition" and her contention that she made a good faith mistake when omitting the claim do <u>not</u> raise material issues of disputed fact. <u>In re Vioxx Prods. Liab. Litig.</u>, 889 F. Supp. 2d 857, 861 (E.D. La. 2012).

> [Plaintiff] Elliott argues that because she did not <u>actually intend</u> to conceal her Vioxx claims from the bankruptcy court, her nondisclosure was inadvertent for the purposes of judicial estoppel. But this is not the standard for inadvertence in judicial estoppel. In order to show that nondisclosure was inadvertent, a plaintiff must show that she <u>lacked a motive</u> to conceal her claims. <u>In re Coastal Plains</u>, 179 F.3d at 210. And as the court stated in <u>Love</u>, the "potential financial benefit resulting from nondisclosure" provides such a motive in almost all cases. As such, Elliott cannot succeed in showing that there remains a general issue of material fact with respect to whether her failure to disclose was inadvertent; clearly, she had the same motive not to disclose that the <u>Love</u> plaintiff did.

15

Id.; see also Estel v. Bigelow Mgmt., Inc., 323 B.R. 918, 922 (E.D. Tex. 2005) (Estel filed for bankruptcy and did not disclose his pending EEOC charge. In response to defendant's summary judgment motion based on judicial estoppel in Estel's employment discrimination action, plaintiff argued that he did not intend to conceal his claim. He stated that he had told his bankruptcy attorney about his EEOC charge and lawsuit, but the attorney told him that these items did not need to be listed in his bankruptcy filings. "[U]nder clear precedent from the Fifth Circuit, Estel's subjective or objective intent does not rescue him from [defendant's] defense of judicial estoppel. Even if everything Estel has sworn to as true is in fact true, there is no fact issue to resolve.").

In the instant case, as in Love, Jethroe and Superior Crewboats, Terrebonne has set forth a motivation for Lewis to keep her claims concealed, namely,

> the prospect that Love could keep any recovery for himself. As one court has stated, "the motivation sub-element is almost always met if a debtor fails to disclose a claim or possible claim to the bankruptcy court. Motivation in this context is self-evident because of potential financial benefit resulting from the nondisclosure." Similarly, this court has found that debtors had a motivation to conceal where they stood to "reap a windfall had they been able to recover on the undisclosed claim without having disclosed it to the creditors." After [defendant] set out this motivation to conceal, it fell to Love to show that the omission of his claims from his schedule of assets was inadvertent.

Love, 677 F.3d at 262 (quoting In re Superior Crewboats, 374 F.3d at 336; Thompson v. Sanderson Farms, Inc., No. 3:04CV837-WHB-JCS, 2006 WL 7089989, at *4 (S.D. Miss. May 31, 2006)) (citing Jethroe, 412 F.3d at 600-01) (emphasis added).

Lewis has failed to come forward with any evidence to rebut her self-evident motive to conceal her discrimination and retaliation claims from the bankruptcy court and her creditors. Id. at 263. Just as in Love, plaintiff's

> arguments before the district court did nothing to refute [defendant's] allegations or explain why Love did not disclose his claims when his disclosure obligations first arose. . . . [The crucial issue is] whether Love had a financial motive to conceal his claims against Tyson <u>at the time Love failed to meet his disclosure obligations</u>, which is the relevant time frame for the judicial estoppel analysis. See In re Superior Crewboats, Inc., 374 F.3d at 336; Robinson [v. Tyson Foods, Inc., 595 F.3d 1269, 1276 (11th Cir. 2010)] ("When reviewing potential motive, the relevant inquiry is intent at the time of non-disclosure." (citing Casanova v. Pre Solutions, Inc., 228 Fed. Appx. 837, 841 (11th Cir. 2007))). . . . [Like Lewis in the instant case,] Love did state that he would pay his creditors before collecting any money from his claims against Tyson, but he made this assertion <u>only after</u> Tyson brought his nondisclosure to light. Love's disclosure obligations arose long beforehand, and his statement about his post-disclosure conduct again fails to speak to his motivations while he was obligated to disclose his claims but had not yet done so. Consequently, we agree with the district court's conclusion that Love ultimately provided "no basis for concluding that [the] failure to disclose th[e] litigation [against Tyson] to the bankruptcy court was 'inadvertent.'" Thus, the district court did not abuse its discretion by applying judicial estoppel to Love's claims.

Id.; see also In re Jackson, 2014 WL 2800812, at *2 (citing Love, 677 F.3d at 261; Jethroe, 412 F.3d at 600) ("Jackson's attempt to bring claims against his patent lawyers in state court was inconsistent with his failure to disclose any assets related to the patent in bankruptcy court . . . . Jackson's failure to disclose these assets [his legal malpractice and other claims against his patent attorneys] was not inadvertent because Jackson knew of his interest in these assets and had motive to not report them.").

17

Lewis's recent amendment of her Statement of Financial Affairs, in which she finally disclosed her discrimination and retaliation claims to the bankruptcy court 22 months after she filed her bankruptcy petition, 13 months after she filed this lawsuit and more than three months after Terrebonne filed its summary judgment motion, does not defeat judicial estoppel.

> Furthermore, Love clarifies that amending a bankruptcy petition is not enough to save an omitted claim from dismissal. Like Ms. Elliott seeks to do, the plaintiff in Love amended his Chapter 13 bankruptcy petition following the defendant's motion for summary judgment arguing for the application of judicial estoppel. The Fifth Circuit held that the district court did not abuse its discretion when it granted summary judgment, because the plaintiff had not adequately addressed his failure to disclose his claims in his original bankruptcy petition–that is, "at the time Love failed to meet his disclosure obligations, which is the relevant time frame for the judicial estoppel analysis." . . . . The court also noted that if "a debtor who is caught concealing his claims by an opponent could then disclose his claims" in order to fix the problem, "there would [be] virtually no incentive for a debtor to disclose his claims until forced to do so by an opponent."

In re Vioxx, 889 F. Supp. 2d at 861 (quoting Love, 677 F.3d at 263, 266).

The binding precedent detailed above clearly applies. Accordingly, Lewis is judicially estopped from bringing her claims of discrimination and retaliation and defendant is entitled to summary judgment in its favor.

## CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that defendant's motion for summary judgment is GRANTED and that plaintiff's claims are DISMISSED WITH

PREJUDICE.  Judgment will be entered accordingly, plaintiff to bear all costs of this proceeding.  Fed. R. Civ. P. 54(d)(1).

New Orleans, Louisiana, this ___25th___ day of August, 2014.

                                              JOSEPH C. WILKINSON, JR.
                                        UNITED STATES MAGISTRATE JUDGE